UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

    -against-                     ORDER
                                 No. 18-CR-0606 (JS)
ROMAINE HOPKINS,

          Defendant.

-------------------------------X

APPEARANCES

For Defendant:    Romaine Hopkins, Pro Se
                 Reg. No. 91250-053
                 FCI Petersburg Medium
                 Inmate Mail/Parcels
                 P.O. Box 1000
                 Petersburgh, Virginia  23804

For United States: Michael R. Maffei, Esq.
                 United States Attorney's Office
                 Eastern District of New York
                 610 Federal Plaza
                 Central Islip, New York  11722


SEYBERT, District Judge:

       Currently before the Court is the pro se motion of Defendant Romaine Hopkins ("Defendant") seeking compassionate release in the form of a sentence reduction (hereafter, the "Motion"). (See Motion, ECF No. 426.)  Despite being afforded the opportunity to supplement his Motion (see Apr. 5, 2024 Elec. ORDER (hereafter, the "April 2024 Briefing Order")), Defendant has failed to do so.  (See Case Docket, in toto.)  Nor has any response

been filed.  (See id.)  For the following reasons, the Motion is
**DENIED**.

RELEVANT BACKGROUND

I.  Defendant's Underlying Conviction

The Court assumes the parties' familiarity with
Defendant's conviction.  By way of general background:  Defendant
was an independent drug dealer and an associate of the Bloods, a
gang which operated out of Riverhead, New York, and the surrounding
area, who pled guilty to a single count of conspiracy to illegally
distribute controlled substances, i.e., crack cocaine.  (See Min.
Entry of Plea Hr'g, ECF No. 302; see also Judgment, ECF No. 378;
Presentence Report ("PSR"), ECF No. 326 (sealed).)

On October 1, 2021, Defendant was sentenced to 144
months' imprisonment and five years' supervised release.  (See
Judgment.)  In sentencing Defendant, the Court stated the imposed
sentence was below the Guidelines range and was "sufficient, but
not greater than necessary, to comply with the purposes of
§ 3553(a)."  (See Statement of Reasons, ECF No. 379 (sealed),
Sections VI(A), and VIII.)

Defendant is currently serving his sentence at the
medium security Federal Correctional Institute in Petersburg,
Virginia; he has an anticipated release date of May 3, 2028.  See
Fed. Bureau of Prisons ("BOP"): Find an Inmate, Romaine Hopkins
(BOP Reg. No. 91250-053), https://www.bop.gov/inmateloc/ (last

visited Oct. 1, 2024) (identifying Defendant's location as "Petersburg Medium FCI").

II.  Relevant Procedural History

On April 7, 2022, Defendant moved for compassionate release.[1] (See Motion.)  On April 5, 2024, the Court afforded Defendant the opportunity to supplement his Motion "to the extent the supplement is based solely upon his family circumstances as they relate to" three of his children.  (April 2024 Briefing Order.)  No such supplemental briefing was filed.[2]  (See Case Docket, in toto.)  Moreover, the Government has not responded to

---

[1]  In his Motion, Defendant also requests the appointment of counsel.  (See Motion at 2.)  "[A] defendant has no right to the assistance of counsel in filing a motion for compassionate release . . . ."  United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021); see also United States v. Manso-Zamora, 991 F.3d 694, 696 (6th Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."); United States v. Romano, 707 F. Supp. 3d 233, 234 n.1 (E.D.N.Y. 2023) (in court's discretion, denying defendant's request for appointment of counsel to assist in pursuing motion for compassionate release).  In any event, Defendant's submission shows he is well-able to present his arguments in support of his Motion; therefore, he does not require assistance in advancing said Motion.  See, e.g., Romano, 707 F. Supp. 3d at 234 n.1 ("Because the Court concludes that the issues presented in [Defendant's] motion for compassionate release are not legally complex and his arguments lack merit, the Court exercises its discretion to deny [Defendant's motion to appoint counsel as well.").  Thus, this portion of Defendant's Motion is DENIED.

[2]  The Court notes its April 2024 Briefing Order was not returned; therefore, it is presumed said April 2024 Briefing Order was received by Defendant who declined to supplement his Motion.

Defendant's Motion.  (See id.)  The Court deems the Motion ripe for decision.

DISCUSSION

I.  Applicable Law

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)).  The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); see also United States v. Thrower, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020). "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) [F]actors warrant reduction." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)).  "A defendant's failure to exhaust administrative

remedies is a threshold matter preventing the [c]ourt from considering a Section 3582 application[, i.e., a motion for compassionate release]." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)). And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." Hunter, 2022 WL 2288688, at *1 (citing Keitt, 21 F.4th at 72–73).

Where exhaustion is satisfied, in their consideration of motions brought pursuant to the First Step Act, courts are not restricted to the Sentencing Commission's applicable policy statements, but may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also Keitt, 21 F.4th at 71 ("A court deciding a compassionate release motion can consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it].'" (alteration in original) (quoting Brooker, 976 F.3d at 237)). Indeed, "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Brooker, 976 F.3d at 237-38 (emphasis and alteration in original)

(quoting 28 U.S.C. § 994(t)); see also Ambrosio, 541 F. Supp. 3d
at 254 (same).    "Additionally, district courts may consider
'intervening changes of law or fact in exercising their discretion
to reduce a sentence pursuant to the First Step Act.'"  United
States v. Monteleone, No. 92-CR-0351, 2023 WL 2857559, at *2
(E.D.N.Y. Apr. 10, 2023) (quoting Concepcion v. United States, 142
S. Ct. 2389, 2404 (2022)).

     Even where extraordinary and compelling reasons exist,
the Court must "consider all the Section 3553(a) [F]actors to the
extent they are applicable, and may deny such a motion if, in its
discretion, compassionate release is not warranted because Section
3553(a) [F]actors override, in any particular case, what would
otherwise be extraordinary and compelling circumstances."  United
States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y.
May 8, 2020) (citation omitted); see also United States v. Jones,
No. 22-2008-CR, 2023 WL 8613867, at *2 (2d Cir. Dec. 13, 2023)
(same).    "The defendant bears the burden of showing that the
circumstances warrant a sentence reduction."    United States v.
Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15,
2022) (summary order) (citing United States v. Jones, 17 F.4th
371, 375 (2d Cir. 2021)); see also United States v. Friedlander,
No. 20-CR-0441, 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022)
("A defendant 'bears the burden of showing that his release is

justified.'" (quoting <u>United States v. Patterson</u>, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020)).

II.   <u>Application</u>

    A. <u>Exhaustion</u>

       Defendant baldly contends he requested compassionate release from the "institution warden" but "received no response in thirty days." (Motion at 2.) Despite the lack of any evidence to support that claim and notwithstanding the Government's non-response, the Court proceeds "to consider the merits" of Defendant's Motion. <u>See generally</u> <u>United States v. Saladino</u>, 7 F.4th 120, 123 (2d Cir. 2021); <u>see also</u> <u>United States v. Vasquez</u>, No. 96-CR-1044, 2024 WL 2385264, *3 (E.D.N.Y. May 23, 2024) ("[B]ecause the Government has not raised an exhaustion defense, the Court finds that it has forfeited any such defense and the Court is 'free to consider the merits' of [defendant's compassionate release] motion" (quoting <u>Saladino</u>; collecting cases).

    B.   <u>Defendant has Failed to Establish the Existence of Extraordinary and Compelling Circumstances</u>

       Defendant asks the Court to consider: (1) the "constant mutating variants of Covid-19"; and (2) "of greater importance", a purported family emergency, <u>to wit</u>, that three of his children (the "Children") were being taken into custody by Child Protective Services due to their mother's inability to properly care for them.

(See Motion at 1.)  Defendant further explains that one of the
Children has special needs and, notwithstanding his having engaged
in  criminal  activities  for  which  he  takes  responsibility,
Defendant was a fully participating parent in his Children's daily
lives, providing for their daily care; thus, in his view, Defendant
is the only person who can provide proper care for them if their
mother is unable to do so.   (See id.)   This second basis for
seeking compassionate release is what prompted the Court to issue
its April 2024 Briefing Order.  (See April 2024 Briefing Order.)
However,  because  Defendant  never  provided  any  supplemental
briefing or other filings, the Court has no further information
regarding the Children.[3]  "[Y]et, it is his burden to prove
compassionate release is warranted."  United States v. Wagner, No.
17-CR-0106, 2024 WL 2801981, at *5 (E.D.N.Y. May 31, 2024).

 As to COVID-19 Concerns:  Defendant's "generalized fear
of contracting COVID-19 is insufficient to meet the demanding
standard of 'extraordinary and compelling' reasons in light of
stabilized conditions at FCI" Petersburg Medium.  United States v.
Gonzales, No. 15-CR-6085, 2023 WL 6386139, at *3 (W.D.N.Y. Oct. 2,
2023) (collecting cases).  Indeed, as this Court recently stated,
"[I]n  considering  the  COVID-19  situation  at  [a  federal
correctional  facility],  one  must  recognize  that  the  COVID-19

---

[3]  At this juncture, what information the Court has regarding the
Children is stale.

Public Health Emergency ended on May 11, 2023." <u>Wagner</u>, 2024 WL 2801981, at *5 (citing U.S. Dep't Health & Human Servs., Fact Sheet: End of the COVID-19 Public Health Emergency, <u>available at</u> <u>https://hhs.gov/about/news/2023/05/09/fact-sheet-end-of-the-</u> <u>covid-19-public-health-emergency.html</u>).    "Therefore, it is no longer necessary for the BOP to engage in across-the-board special operations." <u>Id.</u>  Hence, in <u>Wagner</u>, the Court presumed the BOP had returned to operating its federal correctional facilities "without COVID-19-related precautions", which rendered the inmate-defendant's COVID-19-related argument "of little weight." <u>Id.</u> (citing <u>Jones</u>, 17 F.4th at 375 (confinement in facility "where [COVID-19] counts are currently low" was not "extraordinary and compelling" circumstance)).  The same holds true here; more than "three years into the pandemic, 'the Court finds that the risks that were heightened at the onset of the pandemic have largely been reduced or been under control . . . .'" <u>Gonzales</u>, 2023 WL 6386139, at *3 (quoting <u>United States v. Malloy</u>, No. 07-CR-0898, 2023 WL 2237504, at *4 (S.D.N.Y. Feb. 27, 2023)).  "In sum, there is no current issue making compassionate release appropriate here." <u>Id.</u> (citation omitted); <u>see also</u> <u>United States v. Martinez</u>, No.03-CR-1049, 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022) ("[G]eneralized COVID-19 concerns are not regarded as extraordinary and compelling reasons for compassionate release." (citations omitted)).

As to the Concerns Based Upon the Children: "Typically, district courts find that an inmate's family circumstances do not amount to an 'extraordinary and compelling' reason within the meaning of 18 U.S.C. § 3582(c)(1)(A), in the absence of evidence that the prisoner is actually the sole caregiver." Gonzales, 2023 WL 6386139, at *4 (collecting cases) (emphasis added); see also United States v. Lake, No. 14-CR-0264, 2023 WL 8810620, at *4 (E.D.N.Y. Dec. 20, 2023) (finding, in the absence of "any evidence substantiating this claim," defendant's "bald contentions regarding his mother's poor health as grounds for finding an extraordinary and compelling condition [wa]s unavailing").

Here, Defendant's Motion was accompanied by a March 31, 2022 Notice from the N.Y.S. Department of Social Services of an April 21, 2022 Service Plan Review meeting regarding two of the Children (see Ex., ECF No. 426-1), but Defendant did not provide any subsequent updates regarding the result of the scheduled April 2022 Review. (See Case Docket, in toto.) Nor, when given the further opportunity to do so, did the Defendant provide this Court with updated information regarding the Children's care. (See id.) But, as the party seeking a sentence reduction, it is Defendant's burden to establish his claimed circumstance is extraordinary. See United States v. Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) ("The defendant bears the burden of showing that the circumstances warrant a sentence

reduction."); see also Lake, 2023 WL 8810620, at *3 (same; collecting cases). Thus, given the absence of relevant, contemporary information regarding the Children and their current care, the Court is unable to assess whether this circumstance is extraordinary thereby warranted compassionate release. In other words, Defendant has failed to carry his burden to show the circumstance regarding his Children is extraordinary.

C.    The Section 3553(a) Factors

"[A] district court may deny a motion for compassionate release in 'sole reliance' on the Section 3553(a) [F]actors, without determining 'whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.'" Jones, 2023 WL 8613867, at *2; see also Jones, 17 F.4th at 374 ("[A] district court's 'reasonable evaluation of the Section 3553(a) [F]actors' is 'an alternative and independent basis for denial of compassionate release.'" (quoting United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021)).

> The [Section 3553(a) F]actors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational

> or vocational training, medical care, or other
> correctional treatment in the most effective
> manner." 18 U.S.C. § 3553(a)(1)-(2).

<u>United States v. Johnson</u>, 671 F. Supp. 3d 265, 283 (E.D.N.Y. 2023).

Defendant has not addressed the Section 3553(a) Factors. Nor does the Court find anything before it that would change its original analysis of those Factors. Rather, in its discretion, the Court finds, even if Defendant had presented extraordinary and compelling circumstances warranting compassionate release, <u>which he has not</u>, the Section 3553(a) Factors would override those circumstances. The Court's below-Guidelines, 144-month sentence of imprisonment continues to be appropriate to, <u>inter alia</u>: promote respect for the law; reflect the seriousness of the offense; provide just punishment; adequately deter criminal conduct; and protect the public from the Defendant, thereby satisfying the applicable Section 3553(a) Factors. (<u>Cf.</u> Statement of Reasons, Part VIII (stating a sentence of 144 months' imprisonment sufficient, but not greater than necessary, to meet the goals of Section 3553(a)).)

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Compassionate Release Motion (ECF No. 426) is **DENIED** in its entirety without prejudice.

Page 12 of 13

      **IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to the Defendant at his current address of record, including the notation "LEGAL MAIL" on the mailing envelope.

                           **SO ORDERED.**

                           /s/ JOANNA SEYBERT
                           Joanna Seybert, U.S.D.J.

Dated:  October 2, 2024
       Central Islip, New York